O’MALLEY, Circuit Judge,
dissenting from the denial of initial hearing en banc.
In MCM Portfolio LLC v. Hewlett-Packard Co., 812 F.3d 1284 (Fed. Cir. 2015), a panel of this court stated that “patent rights are public rights.” Id. at 1293. We did so in the context of rejecting a constitutional challenge to inter -partes review (“IPR”), a new post-grant proceeding created by the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (“the' AIA”). In an IPR proceeding, third parties' can challenge the validity of issued patent rights before the Patent Trial and Appeal Board of the United States Patent and Trademark Office (“PTO”) without’ plenary Article III trial court review of the decision. The Supreme Court has explained that “public rights” may be assigned to a non-Artiele III forum for resolution without violating the Constitution, but that core private rights are only subject to adjudication in Article III courts. Stern v. Marshall, 564 U.S. 462, 484-86, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). By characterizing a patent as a public right, therefore, the panel in MCM was able to conclude that patent validity is “susceptible to review by an administrative agency”—in other words, that IPR proceedings do not violate the Constitution. 812 F.3d at 1293.
*1313 Cascades Projection LLC petitions this court to resolve whether a patent-right is a public right en banc, For the reasons Judge Reyna outlines in Parts I and II.A of his thoughtful dissent, I believe it is far from certain that MCM’s underlying premise—that patent rights are public rights—is correct. Because that issue is both sufficiently debatable and exceptionally important, I dissent from the court’s refusal to consider it en banc in the first instance.
The Supreme Court has acknowledged that “[pjatents ... have long been considered a species of property.” Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank, 527 U.S. 627, 642, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999) (Patents “are surely included within the ‘property’ of which no person may be deprived by a State without due process of law.”). In the takings context, the Supreme Court has recognized that “the rights of a party under a patent are his private property” which “cannot be taken for public use without just compensation.” Brown v. Duchesne, 60 U.S. 183, 197, 19 How. 183, 15 L.Ed. 595 (1857); Recently, the Court reaffirmed that a patent “confers upon the patentee an exclusive property in the patented invention which cannot be appropriated or used by the government itself, without just compensation, any more than it can appropriate or use. without compensation land which has been patented .to a private purchaser.” Horne v. Dep’t of Agriec., — U.S. —, 135 S.Ct. 2419, 2427, 192 L.Ed.2d 388 (2015) (quoting James v. Campbell, 104 U.S. 356, 358, 26 L.Ed. 786 (1882)).
The Supreme Court has stated that “[t]he only authority competent to set a patent aside, or- to annul it, or to correct it for any reason whatever, -is vested in the courts of the United States, and not in the department which issued the patent.” McCormick Harvesting Mach. Co. v. Aultman, 169 U.S. 606, 609, 18 S.Ct. 443, 42 L.Ed. 875 (1898). As Judge Reyna points out, McCormick may suggest that the PTO does not have the authority to invalidate issued patents through IPR proceedings and that Article’ III adjudication is required. See also Michael I. Rothwell, After MCM, A Second Look: Article I Invalidation of Issued Patents for Intellectual Property Still Likely Unconstitutional After Stern v. Marshall, 18 N.C.J.L. & Tech. On, 1, 18 (2017). Because MCM might be at odds with long-standing Supreme Court precedent, I believe we should take this opportunity to reconsider our decision.[1]
*1314 For these reasons, I dissent from the court’s refusal to consider en banc whether a patent right is a public right. Expressing no definitive opinion on the merits, it seems to me that this case raises exceptionally important questions of constitutional law and separation of powers principles that warrant our careful consideration. Indeed, the Supreme Court has warned that allowing Congress to confer judicial authority outside Article III “compromise[s] the integrity of the system of separated powers and the role of the Judiciary in that system.” Stem, 564 U.S. at 503, 131 S.Ct. 2594. Because these issues are complex and could have far reaching consequences, they deserve the attention of the full court. I respectfully dissent.

. Two Supreme Court Justices recently expressed an interest in the public versus private rights distinction in the trademark context. B & B Hardware, Inc. v. Hargis Indus., Inc., — U.S. —, 135 S.Ct. 1293, 1316-17, 191 L.Ed.2d 222 (2015) (Thomas, J., dissenting). Justice Thomas, joined by Justice Scalia, stated that “[t]rademark registration under the Lanham Act has the characteristics of a quasi-private right” and that, because registration is a "statutory government entitlement, no one disputes that the [Trademark Trial and Appeal Board] may constitutionally adjudicate a registration claim,” Id. at 1317. But the "right to adopt and exclusively use a trademark appears to be a private property right that ‘has been long recognized by 'the common law and the chancery courts of England and of this country.’ " Id. at 1317 (quoting Trade-Mark Cases, 100 U.S. 82, 92, 25 L.Ed, 550 (1879)). Given this historical framework, Justice Thomas stated that "it appears that the trademark infringement suit at issue in this .case might be of a type that must be decided by ‘Article III judges in Article III courts.’ ” Id. (quoting Stern, 564 U.S. at 484, 131 S.Ct. 2594). Accordingly, at least some members of the Court have expressed an. interest in the interplay between the public versus private rights distinction and administrative agency authority. Because the issue presents itself here in the patent context, we should address it head on.